THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Wayne McLaughlin, Appellant.
 
 
 
 
 

Appeal From Marion County
Howard P. King, Circuit Court Judge

Unpublished Opinion No. 2010-UP-503
 Submitted October 1, 2010  Filed November
12, 2010    

AFFIRMED

 
 
 
 Deputy Chief Appellate Defender Wanda H.
 Carter, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief
 Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley
 W. Elliott, and Assistant Attorney General Christina J. Catoe, all of Columbia;
 and Solicitor Edgar L. Clements, III, of Florence, for Respondent.
 
 
 

PER CURIAM: Wayne
 McLaughlin was convicted of possession with intent to
 distribute cocaine base and possession with intent to distribute cocaine and
 was sentenced to two concurrent terms of twenty-five years.  McLaughlin
 appeals, asserting the trial judge erred in (1) admitting incriminating
 evidence at trial based on the arresting officers failure to advise him of his Miranda[1] rights, and (2) refusing to remove and replace a sleeping juror.  We affirm[2] pursuant to Rule 220(b)(1),
 SCACR, and the following authorities:  
1. As to whether the trial
 judge erred by admitting incriminating evidence at trial when the arresting
 officer failed to advise McLaughlin of his Miranda rights while he was
 in police custody:  State v. Forrester, 343 S.C. 637, 642, 541 S.E.2d 837, 840 (2001) (noting that,
 generally, a motion in limine is not a final determination and a
 contemporaneous objection must be made when the evidence is introduced at
 trial, unless the ruling on the motion in limine is made
 immediately prior to the introduction of the evidence in question);  Doe v. U.S., 487 U.S.
 201, 211 (1988) (providing, [i]t is the extortion of information from the
 accused, the attempt to force him to disclose the contents of his own mind,
 that implicates the Self-Incrimination Clause) (internal quotation marks and
 citations omitted);  Id. at 210 n. 9 (implying
 that being forced to surrender a key to a strongbox containing incriminating
 documents would not amount to testimonial communication). 
2.  As
 to whether the trial judge erred in refusing to remove and replace a sleeping
 juror:  State v. Smith, 338 S.C. 66, 74, 525 S.E.2d 263, 267 (Ct. App.
 1999) (noting a showing of prejudice must be made to warrant relief in juror
 misconduct cases); Id. at 73, 525 S.E.2d at 266-67 (finding where the
 trial judge concluded the juror was awake and listening with her eyes closed,
 the trial judge made the requisite factual finding regarding whether the juror
 was asleep and need take no further action); Id. at 75, 525 S.E.2d at
 268 (holding, because defendant bore the burden to show the juror was actually
 asleep, failure to request direct examination of the juror waived any complaint
 on appeal).
AFFIRMED.
FEW, C.J., and
 HUFF and GEATHERS, JJ., confirm.

[1] Miranda v. Arizona, 384 U.S. 436 (1966).
[2] We decide this case without oral argument
 pursuant to Rule 215, SCACR.